**SPARTO, Adoption of, In Re:**
**SPARTO, et, Appellants, v. SPARTO, et, Appellees.**

Ohio Appeals, Second District, Darke County.

No. 658.   Decided April 14, 1948.

190

Cecil E. Edwards, Dayton, Paul W. Younker, Greenville, for Joseph and Esther Sparto, Petitioners-Appellants.

Louis A. Ginnochio, Cincinnati, for appellees.

## OPINION

By THE COURT:

This is a law appeal from the Probate Court of Darke County. The action was one for the adoption of Rita Mae Sparto, a child of eleven years, by Joseph and Esther Sparto, the petitioners and appellants. The natural parents of the child have not consented to the adoption and are objecting to the same. The grounds upon which the petition is based are that the parents have wilfully failed to properly support and maintain said child for a period of more than two years immediately preceding the filing of the petition.

The evidence discloses that Rita Mae Sparto was taken to the home of the petitioners, who are her uncle and aunt, when she was between the age of seven and eight months. This placement was made with the consent of the natural parents. The child has been with the petitioners for over ten years who have provided a good home for the child. They have given her medical care, good schooling and affection. The child

has returned their affection and has said in open court that she desires to remain with the petitioners. The natural parents of the child live in Cincinnati, Ohio. They have brought up a family of seven children and have given them all a good home, proper care and education. There is no doubt from the evidence that they can give this daughter, Rita Mae Sparto a good home and proper care also. The child was given to the petitioners at their own solicitation because they were unable to have a child of their own. They at no time ever requested any compensation from the parents and it is apparent from the record that none was ever expected. Several other children of these parents were given into the custody of these petitioners, remaining there for a considerable length of time under the same arrangements that seem to exist in this case. Upon this evidence the trial court found that the parents had not failed to properly support and maintain this child as required by law so as not to require their consent to the adoption; that they had not released their legal right to the child at any time while it was living with the petitioners.

The Court further considered the case as a Juvenile Court in accordance with §10512-21 GC and ordered the child returned to the custody of the natural parents.

The errors assigned are that the judgment of the Court is contrary to law and against the manifest weight of the evidence. The trial Court in a well considered opinion arrived at the proper legal conclusions based upon the evidence in denying the petitioners the relief sought. The burden of proof was upon the petitioners to prove all of the material allegations of the petition and the trial court properly held that these requirements had not been met.

The evidence discloses that this child had at all times been properly supported, the arrangements for which were made by the parents. The fact that no compensation was made for the care and support is not material. The statutory requirements to maintain and support this child were properly met through the arrangement made with these petitioners. The sole issue in this proceeding was the matter of adoption. The right of the custody of the child was not in issue and did not become such until the Court denied the decree for adoption.

Upon making this finding, §10512-21 GC requires that the cause be certified to the Juvenile Court of the county where the child is then residing, for appropriate action and disposition by such court. In attempting to comply with this requirement the trial court then considered the question of custody as Juvenile Judge, since in this county he sits in

both capacities. However, no evidence was offered by either of the parties in this proceeding and there was no stipulation that the evidence offered in the adoption proceeding was to be submitted to the Juvenile Court. Therefore the order of the Juvenile Court was based upon no evidence and is contrary to law.

The judgment in the adoption proceeding is affirmed and that awarding the custody to the parents is reversed and the Juvenile Court is ordered to retry the question of custody.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

### APPLICATION FOR REHEARING

No. 658.   Decided May 12, 1948.

By THE COURT:

This is an application for a rehearing upon the following grounds:

1. Said judgment is contrary to §10512-9 GC and subsequent sections of the Adoption Code of Ohio enacted by the Legislature January 1, 1946.

2. The Court failed to consider the fact that the Probate Court of Darke County, Ohio. failed to order an investigation of the home and the family background of the natural parents, Vito Santo Sparto and Angelina Sparto, appellees, herein, as required by §10512-13 GC, before deciding the issues raised in the Lower Court, said Lower Court depending solely upon the testimony furnished by the appellees, Vito Santo Sparto and Angelina Sparto, as to their home being a suitable home.

We find nothing new cited under the first ground which was not previously considered.

As to the second ground, we find that the appellant is placing a wrong interpretation upon §10512-13 GC. This section requires an investigation be made concerning the suitability of the petitioner and not of the parents.

The application is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.