**STATE, ex rel SPARTO et, Relators, v. WILLIAMS, Respondent.**

Ohio Appeals, Second District, Darke County.

No. 671. Decided May 9, 1949.

Louis A. Ginocchio, Cincinnati, Goubeaux & Goubeaux, Greenville, for relators.

Cecil E. Edwards, Dayton, Paul W. Younker, Greenville, for respondents.

**OPINION**

By WISEMAN, J.:

Submitted on demurrer to the petition for a writ of prohibition enjoining the Honorable Edward Williams, Judge of the Juvenile Court of Darke County, Ohio, from proceeding in a cause involving the custody of Rita Mae Sparto, a child twelve years of age, the daughter of the relators, who is now in the custody of said child's uncle and aunt, residents of Darke County, Ohio.

In the petition these pertinent facts are alleged: The uncle and aunt petitioned the Probate Court of Darke County, Ohio, for leave to adopt said child which was denied; the judge of the Probate Court in the capacity of judge of the Juvenile Court, without certification as provided in §10512-21 GC and without a separate hearing, made an order respecting the custody of said child. From this order an appeal was taken to the Court of Appeals which affirmed the judgment of the Probate Court denying the adoption but reversing the order respecting the custody of said child and remanded the cause to the Probate Court for a proper certification to the Juvenile Court for further proceedings in conformity to the provisions of §10512-21 GC. (See, **In Re Adoption of Rita Mae Sparto, 52 Abs 189,** 82 N. E. (2d) 328.) Subsequently the proper certification was made and, on hearing, the judge of the Juvenile Court dismissed the cause on the ground that it had no jurisdiction. A motion for new trial was duly filed, supported by an affidavit of the aunt that said minor was a neglected child within the provisions of §1639-23 GC. A new trial was granted. At a subsequent hearing the court found that it had jurisdiction to determine the custody of said minor, that the relators had not abandoned the child nor lost their right through unfitness or inability to provide a suitable home for said child; that said minor was not a dependent, neglected nor delinquent child and that the relators should have the custody and control of said child. The court further found that inasmuch as the child had not resided in the home of relators for a considerable length of time, the Juvenile Court should retain continuing jurisdiction until the child had made the proper adjustment; that the complaint be dismissed and custody of said child be awarded to relators subject to the order of the Juvenile Court. The court further ordered that execution of said judgment be stayed pending appeal and that said minor remain in the custody of the uncle and aunt until the determination of said appeal. It is not alleged that an appeal was perfected.

A motion for new trial was duly filed which came on for hearing before a successor judge, the respondent herein. The court rendered a written opinion in which it held that the motion for new trial should be sustained on the ground that there was evidence that the relator had abandoned the child. This opinion has not been journalized due to the bringing of this action.

Do the facts alleged show that relators are entitled to the relief sought? The relators contend that the court found it had no jurisdiction and that in fact it has no jurisdiction to make an order or to proceed further in the matter. The respondent contends that the court had jurisdiction to determine custody and to make an order in respect thereto.

Under the provisions of §10512-21 GC which is a part of the Probate Code, upon a proper certification of the case to the Juvenile Court jurisdiction is conferred upon such court to determine custody of said child. Sec. 1639-16 GC provides. for the exclusive original jurisdiction of the Juvenile Court. Subdivision (2), paragraph 2, provides that the Juvenile Court shall have jurisdiction to "determine the custody of any child not a ward of another court." And subdivision (d) of said section provides that "the court shall have jurisdiction to hear and determine the case of any child duly certified to the court according to law by any court of competent jurisdiction, and to make disposition of said child in accordance with the provisions of this chapter."

In our opinion the provisions of the aforementioned sections are sufficient to confer jurisdiction on the Juvenile Court to determine the right of custody of such child. The court had the authority to retain and exercise continuing jurisdiction. See §1639-35 GC.

Relators rely on the case of **Paddock v. Ripley, 149 Oh St 539,** 80 N. E. (2d) 129, in which the Court on page 541 held:

"Under the Juvenile Court Code, such courts have jurisdiction only of delinquent, neglected or dependent children."

The issue herein raised does not require an analysis or application of the principle of law announced in the Paddock case, since it is quite clear that if the court did not have jurisdiction on any other ground, it acquired jurisdiction when the affidavit was filed by the aunt that said minor was a neglected child within the provisions of §1639-23 GC. A full hearing was had on the issue raised by the filing of the affidavit.

After judgment on this issue a motion for new trial was filed in which the court has announced its opinion. This is the first motion for new trial on the issue raised by the filing of the affidavit.

No facts are alleged showing that the court has lost jurisdiction. The finding of the trial court that it had lost jurisdiction is immaterial and must be disregarded, where the petition is tested on demurrer and facts are alleged which show that the court at all times had and still has jurisdiction.

The court had jurisdiction of the subject matter involved. in the controversy and it may proceed to enter an order in regard thereto. **Weenink & Sons v. Court, 150 Oh St 349, 355, 82 N. E. (2d) 730; 32 O. Jur. page 580, Section 20;** Am. Jur. page 435, Section 243.

Relators contend that the court will commit error if it is allowed to journalize an order in conformity with its opinion. A writ of prohibition does not lie to prevent erroneous decisions. **32 O. Jur. page 586, Section 24.**

The relators are afforded an adequate remedy at law by prosecuting an appeal at the proper time. **State, ex rel. v. Conn, 151 Oh St 8; 32 O. Jur. page 572, Section 10.**

The demurrer to the petition will be sustained. Counsel may draw the proper entry.

MILLER, PJ, and HORNBECK, J, concur.